**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lashiya Stewart,

Plaintiff,

v.

ZuntaFi Corp.,

Defendant.

Case No. 25-cv-2938 (PJS/JFD)

**ORDER**

---

This matter is before the Court on Defendant ZuntaFi Corp.'s Motion to Compel (Dkt. No. 26). Defendant seeks to compel discovery about Plaintiff Lashiya Stewart's claimed emotional-distress damages. The Court held a hearing on the motion on October 19, 2026. Plaintiff was represented by Carter Lyons, Esq., and Defendant was represented by Duncan Brumwell, Esq. For the reasons set forth below, Defendant's motion is denied.

## I. Background

In this lawsuit, Plaintiff alleges a single violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), against Defendant. (Compl. ¶ 30, Dkt. No. 1.) Defendant is a loan servicer and owned three student loan debts of Plaintiff's. (*Id.* ¶¶ 5, 7, 8.) After the debts were discharged in bankruptcy proceedings, Defendant continued to report the accounts to national credit reporting agencies and to verify the reporting as accurate. (*Id.* ¶¶ 17, 19–25.) Plaintiff contends that Defendant failed to conduct a reasonable investigation into disputed account information, and as a result, she suffered

emotional distress, embarrassment, mental anguish, anxiety, and humiliation. (*Id.* ¶¶ 30–31.)

Defendant deposed Plaintiff during discovery. Plaintiff testified in her deposition that the alleged FCRA violation caused her anxiety, loss of appetite, panic attacks, stress, isolation, hopelessness, depression, and hair loss. (Brumwell Decl. Ex. C at 116, 182–83, Dkt. No. 29-1.) At the hearing on this motion, the Court asked counsel for Defendant whether he had asked Plaintiff if she had a long-standing condition that affects her mental health in some way. Counsel responded that he had asked that question and that Plaintiff denied having such a condition.

To learn more about Plaintiff's claimed injuries, Defendant served several discovery requests. Interrogatory No. 5 sought information about any injuries, diseases, illnesses, or other physical or mental conditions *preceding* the events described in the Complaint:

> If before the incident alleged in your Complaint you have sustained or had any injury, any aggravation of any injury, any disease, any illness, any ailment, or any other physical or mental condition, state the following:
>
> > a) The nature and type of each condition.
> >
> > b) The dates each condition arose or was incurred.
> >
> > c) Whether each condition is permanent or disabling.
> >
> > d) The name and address of each individual or institution which examined or treated you for each condition and the dates of each treatment or examination.

(Brumwell Decl. Ex. A at 4, Dkt. No. 29-1.) Plaintiff objected to Interrogatory No. 5 as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking irrelevant information, among other objections not at issue here. (*Id.*) Notwithstanding the

objections, Plaintiff answered that she was not "alleging any physical injury, has had no medical examinations related to the incident alleged in the Complaint, and has not sought medical treatment for the incident." (*Id.* at 5.) Further, she was not aware of any conditions that would be relevant to her claims. (*Id.*)

Interrogatory No. 6 sought information about any injuries *caused by* the alleged FCRA violation:

> State all the injuries claimed to have been sustained by you as a result of this incident, including:
>
> > a) The nature and type of each injury or condition.
> >
> > b) The name and address of each individual or institution which examined or treated you for each injury or condition and the dates of each treatment or examination.
> >
> > c) Whether you claim each injury or condition is permanent or disabling.
> >
> > d) Whether you claim each injury or condition aggravated any previous injury or condition
> >
> > e) State all the facts, including the name and address of each individual who will support those claims, upon which you base any claim of permanency, disability, or aggravation.

(*Id.*) Plaintiff objected to Interrogatory No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case, among other objections not at issue here. (*Id.*) Notwithstanding her objections, Plaintiff responded that she is not claiming any physical injuries as a result of Defendant's alleged conduct, has not undergone any medical or psychological examinations, has not received medical or mental health treatment, and has

not been treated or examined in connection with the incident. (*Id.*) She alleges only "garden-variety emotional distress damages." (*Id.*)

Interrogatory No. 7 sought information about any injuries sustained *after* the events alleged in the Complaint, with details similar to those requested in Interrogatory No. 5. (*Id.* at 6.) Plaintiff made the same objections to Interrogatory No. 5 as she had made to Interrogatory No. 6. (*Id.*) Notwithstanding those objections, Plaintiff responded, "None." (*Id.*)

Interrogatory No. 8 asked for information about any examinations or treatment for injuries occurring after the incident alleged in the Complaint. (*Id.* at 6–7.) Plaintiff objected on the same grounds as she had to Interrogatory Nos. 6 and 7. (*Id.* at 7.) Subject to those objections, Plaintiff answered, "None." (*Id.*)

Interrogatory No. 9 asked for the names, addresses, and other information about every institution from which Plaintiff has ever sought medical treatment for any reason. (*Id.*) Plaintiff again made the same objections and answered, "None." (*Id.*)

Request for Production No. 16 asked Plaintiff to provide executed copies of medical authorizations for all providers identified in her interrogatory answers. (Brumwell Decl. Ex. B at 3, Dkt. No. 29-1.) Plaintiff objected to the request on relevance and proportionality grounds. (*Id.*)

The parties met and conferred about the above discovery requests and responses to no avail, and Defendant then filed this motion. Defendant argues that Plaintiff's claim of emotional distress makes her medical records relevant and discoverable. (Def.'s Mem. Supp. Mot. Compel at 3, Dkt. No. 28.) Plaintiff's only damages claim is for emotional

distress arising from the alleged FCRA violation. (*Id.* at 6.) Defendant contends that it must examine Plaintiff's medical records to determine whether her emotional distress could have predated the alleged FCRA violation and whether something else could have caused or contributed to her distress. (*Id.*) At the motion hearing, Defendant rejected the suggestion that the Court could place a temporal restriction on the scope of discovery because Plaintiff could have a long-standing condition that affected her mental health. (*Id.*) Defendant's counsel confirmed at the hearing that the motion sought all of Plaintiff's medical records from birth to the present.

Plaintiff opposes the motion on the grounds of relevance and proportionality. (Pl.'s Mem. Opp'n Mot. Compel at 4, Dkt. No. 32.) She contends that "garden-variety" emotional-distress damages do not open the door to a plaintiff's entire medical history. (*Id.* at 1.) Plaintiff points out that the discovery requests at issue have no limitation on substantive or temporal scope. (*Id.* at 3.) She asks the Court to deny the motion or, alternatively, to limit discovery to records pertaining to the period of time surrounding the alleged events. (*Id.* at 2.)

## II. Applicable Legal Standards

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In determining proportionality, courts may consider several factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

If a party believes that the opposing party has failed to respond to discovery requests or has provided deficient responses, it "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party must make a threshold showing of relevance. *Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021). Once relevance is shown, then the burden shifts to the opposing party to show that the discovery is not relevant or would be unduly burdensome to produce. *Patterson Dental Supply, Inc. v. Pace*, No. 19-CV-1940 (JNE/LIB), 2020 WL 10223625, at *20 (D. Minn. June 17, 2020).

"Under Federal law, the discoverability of medical records is governed by the relevancy standard of Rule 26 of the Federal Rules of Civil Procedure . . . ." *Kutz v. NGI Cap., Inc.*, No. 22-CV-1623 (NEB/ECW), 2023 WL 3790766, at *18 (D. Minn. June 2, 2023). Even though a plaintiff does not intend to use medical records or expert testimony at trial to prove emotional distress, her medical records may be relevant and discoverable if she has placed her "emotional condition at issue by claiming more than nominal emotional distress damages." *Doverspike v. Chang O'Hara's Bistro, Inc.*, No. 03-CV-5601 (ADM/AJB), 2004 WL 5852443, at *2 (D. Minn. July 13, 2004).

In *Gadbois v. Arrow Int'l Inc.*, No. 24-CV-1662 (JMB/JFD), 2025 WL 3187343 (D. Minn. Nov. 14, 2025), this Court considered whether the plaintiff's medical records were relevant to his claim for emotional-distress damages. *Id.* at *3. The issue was whether he had placed his emotional condition at issue by seeking more than a nominal amount of

damages. *Id.* at *4. The Court found that his request for more than $50,000 in emotional-distress damages alone more than a nominal amount and therefore allowed discovery of his medical records for an approximately five-year period. *Id.*

In *Lynch v. Experian Information Solutions, Inc.*, No. 20-CV-2535 (KMM/JFD), slip op. at 17 (D. Minn. Apr. 19, 2022), Dkt. No. 135, this Court found that the plaintiffs made their medical records relevant by alleging severe emotional distress that impacted a pregnancy, the plaintiffs' sleep, and the plaintiffs' ability to work. The relevant time period began on an agreed-upon date of August 27, 2019, and ended on the date of the order, April 19, 2022. Medical records from that timeframe were also proportional. *Id.* at 18. Records preceding August 27, 2019, however, were relevant but not proportional. *Id.*

## III. Discussion

Defense counsel has served interrogatories to which Plaintiff provided answers, under oath, telling Defendant that she does not have any relevant medical history. Plaintiff's counsel also signed the interrogatory responses. Defendant then took Plaintiff's deposition, again asked Plaintiff about her medical history and again was told, under oath and subject to the penalties of perjury, that Plaintiff had no relevant medical history. Defendant now wants to obtain all of Plaintiff's medical records, from birth forward, so that he may check Plaintiff's interrogatory answers and deposition testimony.

Because the Court finds this discovery request disproportionate, the Court will presume relevance and proceed directly to an analysis of the Rule 26 proportionality factors:

- **The importance of the issues at stake in the action**. This is a straightforward FCRA claim. The main interest at stake in the motion is Plaintiff's privacy interest in her medical records, which must be balanced against Defendant's desire to triple-check answers already given under oath twice. This factor cuts against granting the motion.

- **The amount in controversy**. In response to a question from the Court at argument on this motion, Plaintiff's counsel estimated an emotional distress damages amount of potentially $30,000 to $50,000. The Court views this response as speculative. Plaintiff's damages amount is in any event limited by the nature of the damages she seeks, namely "garden variety" emotional distress damages and nothing else. Plaintiff, by her own admission, has no medical records documenting her emotional distress. This factor weighs against granting Defendant's motion.

- **The parties' relative access to relevant information**. This factor weighs strongly against granting the motion. Defendant has received the relevant information twice, in interrogatory answers and in deposition testimony. Both times, Plaintiff's responses were under oath. Defendant now seeks the very same information for a third time. This is beyond disproportionate, it is utterly unnecessary.

- **The parties' resources**. There is no reason in the record to think that Plaintiff's economic resources are any greater than those of the average middle-class householder. According to the Complaint (Dkt. No. 1), she attended a trade school and financed her education with three loans later acquired by Defendant. Defendant appears to be a small business in Aberdeen, South Dakota, not a large corporation. This factor is neutral between the parties.

- **The importance of the discovery in resolving the issues**. This factor also weighs strongly against granting the motion. The discovery has no importance in resolving the issues because the issue is resolved already, through Plaintiff's interrogatory answers and deposition testimony.

- **Whether the burden or expense of the proposed discovery outweighs its likely benefit**. While Defendant stated that it, not Plaintiff, would pay the costs of production, the burden of producing medical records back to birth (or, more realistically, as far back as records are kept) remains large, due both to the temporal scope and to the invasiveness of the proposed discovery (which the Court considers part of the "burden" of the proposed discovery). The likely benefit of the proposed discovery is zero.

Reviewing all of the factors, the Court finds that the requested discovery is hugely disproportionate, especially given its enormous burden and non-existent benefit.

In conclusion, the Court is left to wonder why Defendant's counsel bothered serving interrogatories and taking a deposition if he was not going to believe the sworn answers he was given—or, at least realized, if he did not believe Plaintiff, that her interrogatory responses and deposition testimony locked her in to a narrative from which she could not depart at trial.

Accordingly, based on all of the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Defendant ZuntaFi Corp.'s Motion to Compel (Dkt. No. 26) is **DENIED**.

Dated: October 30, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge